UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Kerry Butterworth et al.,

                       Plaintiff,

              v.

Edward Murphy et al.,

                       Defendant.

**Hon. Hugh B. Scott**

09CV519S

**Decision & Order
and
Amended
Scheduling Order**

---

Before the Court is the plaintiff's motion to compel discovery (Docket No. 24).

**Background**

The plaintiffs, Kerry and Robert Butterworth (referred to collectively as "Butterworth"), residents of Pennsylvania, commenced this action against Edward and Silvy Murphy based upon alleged injuries Kerry Butterworth suffered while renting the defendants' home in Hammondsport, New York. In addition to the personal injury claim based upon negligence, the plaintiffs assert a loss of consortium claim on behalf of Robert Butterworth. (See complaint at Docket No. 7-2).[1]

---

[1] This action was originally commenced in the Southern District of New York, and was transferred to the Western District of New York upon the parties stipulation to change venue in this matter. (Docket No. 7-7).

1

**Motion to Compel**

The plaintiff seek to compel the defendants to produce the defendants for depositions and to provide access to the premises for inspection of the site of the alleged accident. (Docket No. 24-2).

With respect to the site inspection, the defendants state that they advised plaintiff's counsel that the inspection could not take place until after the deposition of the plaintiff. The plaintiff's deposition was held on October 14, 2009. However, the plaintiff did not renew the request for a site inspection until April 12, 2010. The defendants assert that they do not oppose the inspection as long as they are provided an opportunity to respond to any further expert disclosure provided by the plaintiff. (Docket No. 26 at page 3). As for the deposition of the Murphys, the defendants note that the parties had some discussions in which the plaintiff had stated an intention to waive the deposition of Edward Murphy.[2] The defendants do not oppose the deposition of Edward Murphy, but asked that it take place after June 8, 2010 and by videoconference so that Murphy does not have to travel from his North Carolina home  The defendants assert that the plaintiff has agreed to conduct the deposition by videoconference. . (Docket No. 26 at page 4).

The motion to compel is granted. The defendant's shall permit the plaintiff to inspect the premises within 30 days of the date of this Order. Further, the deposition of Edward Murphy shall take place, by videoconference unless otherwise agreed to by the parties, within 30 days of the date of this Order. The following schedule shall apply for the remainder of the pre-trial

---

[2] The notice of deposition refers only to "the defendant" (Docket No. 24-3) and does not specifically identify either Edward or Silvy Murphy. The correspondence attached to the motion papers reflects that the parties discussions contemplated only the deposition of Edward Murphy. (Docket No. 26-6).

proceedings:

1. This case has been referred automatically to the Alternative Dispute Resolution (ADR) program. The parties are encouraged to continue efforts to resolve this matter through mediation.

2. The referral to mediation shall terminate on **December 31, 2010**. In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

3. The plaintiff shall serve supplemented expert disclosure by **September 30, 2010**; the defendant shall serve any supplemented experts disclosure no later than **October 29, 2010.** All expert discovery shall be completed on or before **November 19, 2010.**

4. In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **December 31, 2010**.

5. In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(I) shall be <u>filed and served</u> no later than **January 31, 2011**.

6. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

7. A <u>final pretrial conference</u> pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(j) will be held on **February 1, 2011 at 9:00 a.m.** with Judge Skretny.

14. Trial is set to commence on **April 5, 2011 at 9:30 a.m.** before Judge Skretny.

Counsel's attention is directed to Fed. R. Civ. P. Rule 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

So Ordered.

<u>/s/ Hugh B. Scott</u>
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 21, 2010